CHRISTIANSEN, Judge
(concurring):
T 23 Judge Orme and I agree with the lead opinion that the plain language of section T7-382a-302(5)(d) of the Restitution Act requires a district court to determine complete and court-ordered restitution and make all restitution orders within one year after sentencing a defendant convicted of eriminal activity. Accordingly, we must join in the determination that the statute's one-year time period for the imposition of a final order of restitution is a statutory mandate and not a directory provision. - But we wish to emphasize the point made by the lead opinion that the restitution statutes referenced in this case set forth an inconsistency and create a situation for probationers that we are not sure was intended by the legislature. See supro 1 19.
24 The inconsistency created by the pertinent statutes in this case is that the Utah Board of Pardons and Parole has the flexibility to order a criminal defendant to pay restitution until sixty days after termination or expiration of his or her sentence, see Utah Code Ann. § T7-27-6(2)(c) (LexisNexis 2012), but, as recognized in this case, a district court only has one year from the date of sentencing to impose final restitution even if the court continues to maintain jurisdiction over the defendant for a longer period of time, see id. § 76-8-201(4) (Supp. 2014); id. § Ti-88a-802 (Supp.2018). As we have seen here, the effect of the one-year time limit on a district court is that restitution will be barred and the victim will not receive compensation when the order is entered too late even though the district court continues to exercise authority over the defendant.
{ 25 In its statutory enactments regarding restitution, the Utah Legislature has consistently sought to ensure that criminal defendants engage in rehabilitation, fulfill their responsibility to compensate their victims for losses resulting from their eriminal activity, and ensure that victims of crime are made whole after suffering a loss. See Monson v. Carver, 928 P.2d 1017, 1027 (Utah 1996) *675 ("[Rlestitution is not a 'punishment' but a civil penalty whose purpose is entirely remedial, i.e., to compensate victims for the harm caused by a defendant and whose likely intent is to spare victims the time, expense, and emotional difficulties of separate civil litigation to recover their damages from the defendant."). If one of the main purposes of restitution is to ensure that victims of crime are made whole, cutting short the time frame in which a district court can impose a final restitution amount seems to contradict that legislative intent of protecting victims, especially where that same district court judge can retain authority over a criminal defendant for much longer than a one-year period. See Utah Code Ann. § 77-18-1 (LexisNexis Supp. 2014). The differing time limits for the imposition of restitution between courts and the Board of Pardons and Parole strike us as unwarranted. But "respect for the legislative prerogative in lawmaking requires that the judiciary not interfere with enactments of the Legislature where disagreement is founded only on policy.... In matters not affecting fundamental rights, the prerogative of the legislative branch is broad and must by necessity be so if government is to be by the people through their elected representatives and not by judges." Baker v. Matheson, 607 P.2d 233, 237 (Utah 1979). Consequently, we would encourage the legislature to address this issue because we cannot.